IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PANTH NARSINH, LLC DBA REGENCY INN | § | |
| | § | |
| *Plaintiff*, | § | CIVIL ACTION NO. 4:23-cv-4097 |
| | § | |
| v. | § | |
| | § | |
| MT. HAWLEY INSURANCE COMPANY AND | § | |
| RENAISSANCE RE SYNDICATE 1458 LLOYDS, | § | |
| | § | |
| *Defendants*. | § | |

PLAINTIFF'S ORIGINAL COMPLAINT

PARTIES

1.     Plaintiff, Panth Narsinh, LLC dba Regency Inn, (hereinafter referred to as the "Insured" or "Plaintiff") is a limited liability company whose business address is 13536 Tomball Parkway, Houston, Texas 77086-3132.  Plaintiff's sole member is Panth Narsinh, whose state of citizenship is Texas.

2.     Defendant, Mt. Hawley Insurance Company ("Mt. Hawley") is a wholly owned subsidiary of RLI Insurance Company which is a wholly owned subsidiary of RLI Corp, which is publicly traded on the New York Stock Exchange.  The Vanguard Group, Inc., State Street Corporation and BlackRock, Inc. are publicly held corporations beneficially owning 10% or more of RLI Corp.;s stock.  Mr. Hawley may be served with process by serving its President, Craig W. Kliethermes at Mt. Hawley's principal place of business in Illinois: Lindbergh Drive, Peoria, Illinois 61615.

3.     Defendant Renaissance Re Syndicate 1458 Lloyds ("RenRe") is a wholly owned subsidiary of Renaissance Re Corporate Capital (UK) Limited, which is a wholly owned subsidiary of Renaissance Reinsurance Ltd., which is a wholly owned subsidiary of RenRe Insurance Holdings Ltd., which is a wholly owned subsidiary of Renaissance Specialty Holdings Ltd., which

is a wholly owned subsidiary of RenaissanceRe Holdings Ltd., which is publicly traded on the New York Stock Exchange.  RenaissanceRe Holdings Ltd. is incorporated in Bermuda and its principal place of business is in Bermuda.  It may be served with process by serving its registered agent, Mendes & Mount, LLP at 750 Seventh Avenue, New York, New York 10019.

4.    Defendants Mt. Hawley and RenRe will be referred to collectively herein as ("Defendants").

## JURISDICTION

5.    The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because plaintiff and defendants are citizens of different U.S. states or countries, and the amount in controversy exceeds $75,000, excluding interest and costs.

## VENUE

6.    Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## CONDITIONS PRECEDENT

7.    All conditions precedent has been performed or have occurred.

## FACTS

8.    Plaintiff is the owner of commercial property insurance policy number MPC0501021 hereinafter referred to as the "policy"), which was jointly issued by Defendants.

9.    Plaintiff owns the insured property that is specifically located at 13536 Tomball Parkway in Houston, Texas 77086 (hereinafter referred to as the "property").

10.    Defendants or their agents sold the policy insuring the property to Plaintiff.

11.    On or about October 27, 2021, Plaintiff's property was hit by severe weather causing extensive damage to Plaintiffs' property.  In its track, the storm left behind significant damage to both the roofing system of Plaintiff's hotel building as well as its interior.  Plaintiff submitted a

claim to Defendants for the damage and they assigned claim number 505987. Plaintiff asked Defendants to cover the cost of repairs to the property pursuant to the policy and any other available coverages under the policy. Plaintiff advised Defendants that it would need to immediately schedule an inspection of the roof as the damage was excessive.

12.    In response, Defendants' claims director, Kathy Kim had the property inspected and concluded that the property had indeed sustained damage in the amount of $71,278.03. Even though damage was verified, Defendants substantially undervalued the claim and partially denied the claim, paying Plaintiff $34,392.48.  In contrast, Plaintiff submitted a thorough and accurate assessment of the damage in the amount of $141,863.57 to Defendants on May 12, 2022. Through correspondence dated June 6, 2022, Kathy Kim advised Plaintiff that Rick Jetton with Ranger Technical had reviewed the estimate and determined that it contained unrelated repairs, unnecessary and duplicate items, and overhead and profit which were not reasonable to the repairs. Defendants failed to pay any additional monies on the claim.

13.    Defendants' unreasonable investigation of the claim included a failure to comply with their respective policies and procedures concerning inspections.

14.    Defendants performed insufficient and unreasonable investigations of the property. Defendants failed to inform the Plaintiff of its coverages and informed the Plaintiff that the policy did not fully cover the damages. As a result of Defendants' unreasonable investigations, the Plaintiff was wrongly denied the full cost to repair all the damage to its property.

15.    Defendants failed to properly adjust the claim and they denied at least a portion of the claim without adequate investigations, even though the policy provided coverages for losses such as those suffered by the Plaintiff. Furthermore, Defendants underpaid portions of the Plaintiff's claim by not providing full coverage for the damages sustained by the Plaintiff, as well as under-scoping the damages during their investigations.

16.    Defendants failed to properly qualify, train, and supervise their employees and agents to whom they entrusted the handling of various portions of Plaintiff's claim. Defendants, their agents, and employees failed to follow procedures and properly execute their duties as promulgated in Defendants' system of administering and handling the Plaintiff's claim.  Defendants' actions, as detailed in the facts of this letter and the allegations set forth below, caused a system failure that resulted in their violation of the Texas Insurance Code, Texas Deceptive Trade Practices Act, as well as the violation of a host of Texas common law principles of law. These violations resulted in Defendants' partial denial to the Plaintiff of the full protection and benefits of these laws and the policies' benefits to which the Plaintiff was entitled.

17.    To date, Defendants continue to delay in the full payment for the damages to the property.  As such, the Plaintiff's claim remains unpaid, and the it still has not been fully compensated for the repairs to the hotel.

### COUNT 1 - BAD FAITH

18.    Plaintiff is insured under an insurance contract issued by Defendants, which gave rise to a duty of good faith and fair dealing.

19.    Defendants breached the duty by partially denying and delaying full payment of a covered claim when defendants knew or should have known its liability under the policies was reasonably clear.

20.    Defendants also breached the duty by creating and applying a claim handling system that was designed to ensure that the Plaintiff's claim was partially denied without consideration of the merits of the claim.

21.    Following their inspection and receipt of Plaintiff's damage estimate, Defendants possessed all information necessary to enable them to make a fair coverage and payment determination on Plaintiff's claims.  In addition, Defendants failed to provide coverage for all the covered damage, including the damage that Plaintiff's inspector discovered during his inspection.

Although Defendants designed their claims investigation systems in a manner that would ensure timely claim payments, reasonable property inspections, and thorough property inspections, they failed to honor their obligation to perform a reasonable investigation and issue timely payment to Plaintiff.

22.   Defendants' breach of duty proximately caused injury to Plaintiff, which resulted in the following damages:

   a.   loss of policy benefits.

23.   Exemplary damages.  Plaintiff suffered injury independent of the loss of policy benefits, and that injury resulted from Defendants' gross negligence, malice, or actual fraud, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

### COUNT 2 - BREACH OF CONTRACT

24.   In addition to other counts, Defendants breached their contract with Plaintiff.

25.   Plaintiff and Defendants executed a valid and enforceable insurance contract. The contract stated that Defendants would pay the replacement cost of all damage which occurred to Plaintiff's property caused by a covered peril, and that Plaintiff would pay insurance premiums and perform other obligations as outlined in the insurance policy.

26.   Plaintiff fully performed its contractual obligations under the policy.

27.   Defendants breached the contract by refusing to pay the full amount of the cost to repair or replace the property.  Defendants failed and refused to pay the appropriate proceeds of the policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the policies had been carried out and accomplished by Plaintiff.

28.   Plaintiff seeks unliquidated damages within the jurisdictional limits of this court.

29.   Attorney Fees.  Plaintiff is entitled to recover reasonable attorney fees under Texas

Civil Practice & Remedies Code chapter 38 because this suit is for breach of a written contract. Plaintiff retained counsel, who presented Plaintiff's claims to Defendants. Defendants did not tender the amounts owed within 30 days of when the claim was presented.

### COUNT 3 – DECEPTIVE INSURANCE PRACTICES

30. Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Defendants failed to offer Plaintiff adequate compensation without adequate explanation of the basis in the policies for their decision to make less than full payment. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policies, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim.

31. Defendants refused to fully compensate Plaintiff under the terms of their respective policies, even though they failed to conduct a reasonable investigation. Rather, Defendants performed an outcome-oriented investigation of the Plaintiff's claims which resulted in a biased, unfair, and inadequate evaluation of Plaintiff's losses on the property.

32. Defendants failed to meet their obligations under the Texas Insurance Code regarding their duties to timely acknowledge Plaintiff's claims, begin an investigation of Plaintiff's claims, and request all information reasonably necessary to investigate Plaintiff's claims within the statutorily mandated time of receiving notice of Plaintiff's claims.

33. Defendants failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. In addition, they failed to communicate with Plaintiff to ensure that Plaintiff understood the coverage denials it received.

34. Defendants' acts or practices violated:

    a.    Texas Insurance Code chapter 541, subchapter B.

        (1)    Misrepresenting to a claimant a material fact or policy provision relating to the coverage at issue. TEX. INS. CODE §541.060(a)(1).

(2)     Not attempting in good faith to bring about a prompt, fair, and equitable settlement of a claim once the insurer's liability becomes reasonably clear.  TEX. INS. CODE §541.060(a)(2)(A).

(3)     Not promptly giving a policyholder a reasonable explanation, based on the policy as it relates to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim.  TEX. INS. CODE §541.060(a)(3).

(4)     Not affirming or denying coverage within a reasonable time.  TEX. INS. CODE §541.060(a)(4)(A).

(5)     Refusing to pay a claim without conducting a reasonable investigation.  TEX. INS. CODE §541.060(a)(7).

(6)     Making an untrue statement of material fact.  TEX. INS. CODE §541.061(1).

(7)     Leaving out a material fact, so that other statements are rendered misleading.  TEX. INS. CODE §541.061(2).

b.     Texas Deceptive Trade Practices Act §17.46(b).

(1)     Representing that an agreement confers or involves rights, remedies, or obligations that it does not, or that are prohibited by law.  TEX. BUS. & COM. CODE §17.46(b)(12).

c.     Texas Insurance Code Chapter 541.151.

35.   Defendants' acts and practices were a producing cause of injury to Plaintiff which resulted in the following damages:

a.     actual damages; and

b.     insurance policy proceeds.

36.   Plaintiffs seek damages within the jurisdictional limits of this Court.

37. <u>Additional damages.</u> Defendants acted knowingly, which entitles Plaintiff to recover treble damages under Texas Insurance Code section 541.152(b).

38. <u>Attorney fees.</u> Plaintiff is entitled to recover reasonable and necessary attorney fees under Texas Insurance Code section 541.152(a)(1).

### COUNT 4 - LATE PAYMENT OF CLAIMS

39. Plaintiff is insured under a contract for commercial property insurance issued by Defendants.

40. Defendants are both corporations.

41. Plaintiff suffered a loss covered by the policies and gave proper notice to Defendants of Plaintiff's claims.

42. Defendants are liable for the claims and each had a duty to pay its respective claim in a timely manner.

43. Defendants breached their duty to pay Plaintiff's claims in a timely manner by not timely:

   a. acknowledging the claim;

   b. investigating the claim;

   c. requesting information about the claim;

   d. paying the claim after wrongfully rejecting it; and

   e. paying the claim after accepting it.

44. Defendants' breach of duty caused injury to Plaintiff, which resulted in the following damages:

   a. policy proceeds;

   b. prejudgment interest

45. <u>Statutory damages.</u> Plaintiff is entitled to recover actual damages in the amount of the

claims, and under Texas Insurance Code section 542.060(a), statutory damages of 18% of the amount of the claims.

46.    Attorney fees.  Plaintiff is entitled to recover reasonable attorney fees under Texas Insurance Code section 542.060(b).

## JURY DEMAND

47.    Plaintiff  requests a trial by jury.

## PRAYER

48.    For these reasons, Plaintiff asks that Plaintiff be awarded a judgment against Defendants Mt. Hawley and RenRe for the following:

a.    Actual damages.

b.    Prejudgment and postjudgment interest.

c.    Consequential damages.

d.    Court costs.

e.    Attorneys' fees.

f.    Exemplary damages.

g.    All other relief to which plaintiffs are entitled.

Respectfully submitted,

THE JAVED LAW FIRM, PLLC
*/s/ Nohayia Javed*
Nohayia Javed
State Bar No. 24074482
3019 Spider Lily
San Antonio, Texas 78258
Telephone: (832)360-0476
Facsimile:  (281)605-5020
attorneyjaved@gmail.com
*Attorney for Plaintiff*