**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PANTH NARSINH, LLC DBA REGENCY INN, | Case No. 1:24-cv-00081 (MMG) |
| Plaintiff, | |
| - against - | **PLAINTIFF'S FIRST AMENDED COMPLAINT WITH JURY DEMAND** |
| MT. HAWLEY INSURANCE COMPANY AND    § RENAISSANCE RE SYNDICATE 1458 LLOYDS, | |
| Defendant. | |

**Parties**

1.      Plaintiff, Panth Narsinh, LLC dba Regency Inn, (hereinafter referred to as the "Insured" or "Plaintiff") is a limited liability company whose business address is 13536 Tomball Parkway, Houston, Texas 77086-3132.  Plaintiff's sole member is Panth Narsinh, a natural person, who resides in Texas.

2.      Upon information and belief, Defendant, Mt. Hawley Insurance Company ("Mt. Hawley") is an insurance company organized under Illinois law with its principal place of business located 9025 N. Lindbergh Drive, Peoria, Illinois 61615.

3.      Upon information and belief, Defendant Renaissance Re Syndicate 1458 Lloyds ("RenRe") is an unincorporated entity with a single member, Renaissance Re Corporate Capital (UK) Limited a corporation organized under English law.[1]

**Jurisdiction**

4.      This Court has personal jurisdiction over Defendants herein because the Defendants contractually agreed to be subjected to personal jurisdiction within the State of New York. Specifically, the Policy provides: "Any litigation commenced by any Named Insured, any additional

---

[1] Defendants Mt. Hawley and RenRe will be referred to collectively herein as ("Defendants").

insured, or any beneficiary hereunder against the Company shall be initiated in New York.  Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to a United States District Court."

5.      The Court has subject-matter jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different U.S. states or countries, and the amount in controversy exceeds seventy-five thousand dollars ($75,000), excluding interest and costs.

### Venue

6.      Venue is proper in this district under 28 U.S.C. § 1391(b)(3) because the Defendants herein are subject to personal jurisdiction within the Southern District of New York.

### Facts

7.      Plaintiff owns real property located at 13536 Tomball Parkway in Houston, Texas 77086, which is operated as a hotel known as the Regency Inn (hereinafter referred to as the "Insured Property").  At all relevant times, Plaintiff held and still holds an insurable interest in the Insured Property.

8.      Defendants issued Plaintiff a commercial property insurance contract with dates of coverage from December 22, 2020 to December 22, 2021, by which Defendant Mt. Hawley Insurance Company subscribed to ninety percent (90%) of the risk under policy no. MPC0501021 and Defendant Renaissance Re Syndicate 1458 Lloyds subscribed to ten percent (10%) of the risk, Lloyd's Unique Market Reference no. B087520R06F5001 (hereinafter referred to as the "Policy").

9.      On or about October 27, 2021, a storm caused extensive damage to the Insured Property's  roof and interior ("Loss").

10.     Plaintiff promptly notified Defendants of the Loss, who assigned claim number 505987.

11.     Defendants' claims director, Kathy Kim, retained building consultant Rick Jetton of

Ranger Technical Services to inspect the Insured Property.  Defendants' building consultant determined that the Loss was covered and assessed the damage to the Insured Property at seventy-one thousand two hundred seventy-eight dollars and three cents ($71,278.03).

12.    However, the true cost to repair the covered damage to the Insured Property exceeds one hundred forty-one thousand eight hundred and sixty-three dollars and fifty-seven cents ($141,863.57).

13.    Notwithstanding Defendants' previous admission of coverage and Plaintiff's submission to Defendants of an estimate of one hundred forty-one thousand eight hundred and sixty-three dollars and fifty-seven cents ($141,863.57) to restore the Insured Property to its pre-loss condition, Defendants wrongfully refused to indemnify Plaintiff the full amount of its Loss, instead offering only thirty-four thousand, three hundred ninety-two dollars and forty-eight cents ($34,392.48), in clear breach of its contractual obligation to indemnify Plaintiff to the full extent of its Loss.

### Count I - Breach of Contract

14.    Plaintiff and Defendants executed a valid and enforceable insurance contract, *i.e.* the Policy, which was in force at all relevant times herein.  The contract stated that Defendants would pay the replacement cost of all damage which occurred to Plaintiff's property caused by a covered peril, and that Plaintiff would pay insurance premiums and perform other obligations as outlined in the insurance contract.

15.    Plaintiff performed all of its contractual obligations and conditions precedent to coverage under said insurance contract or was excused from such performance.

16.    Defendants breached their contractual obligations by refusing to pay the full amount of the cost to repair or replace the property and otherwise indemnify Plaintiff for its covered loss.

17.    Defendants further breached the covenant of good faith and fair dealing by, *inter alia*, ignoring pertinent claims information, unreasonably delaying its investigation and payment of

Plaintiff's insurance claim, and requiring Plaintiff to bring this lawsuit to compel Defendants to recover monies owed under the Policy.

18.    As a direct and proximate result of Defendant's breaches, Plaintiff has suffered damages in an amount to be determined at trial.

19.    By reason of the foregoing, Defendants are liable to Plaintiff for the full amount of the cost to restore the Insured Property to its pre-loss condition, as well as Plaintiff's consequential damages caused by Defendants' inexcusable delays in indemnifying Plaintiff for same

### Prayer for Relief

**WHEREFORE**, Plaintiff Panth Narsinh, LLC dba Regency Inn demands judgment against Defendants Mt. Hawley Insurance Company and Renaissance Re Syndicate 1458 Lloyds as follows:

(1) Awarding compensatory damages and foreseeable consequential damages for Defendants' inexcusable delays in indemnifying Plaintiff for its Loss (Count I);

(2) Pre- and postjudgment interest;

(3) Awarding reasonable attorneys' fees;

(4) Awarding the costs of these proceedings; and

(5) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
        February 29, 2024

Respectfully submitted,

**BELLUCK & FOX, LLP**
546 Fifth Avenue, 5th Floor
New York, New York 10036

By:    */s/ Daniel Belzil*
        Daniel R. Belzil, Esq.

*Attorneys for Plaintiff Panth Narsinh, LLC dba Regency Inn*

4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PANTH NARSINH, LLC DBA REGENCY INN,

Plaintiff,

- against -

MT. HAWLEY INSURANCE COMPANY AND    §
RENAISSANCE RE SYNDICATE 1458 LLOYDS,

Defendant.

Case No. 1:24-cv-00081 (MMG)

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a jury trial on all issues so triable.

Dated:  New York, New York
        February 29, 2024

Respectfully submitted,

**BELLUCK & FOX, LLP**
546 Fifth Avenue, 5th Floor
New York, New York 10036

By:    */s/ Daniel Belzil*
        Daniel R. Belzil, Esq.

*Attorneys for Plaintiff Panth Narsinh, LLC dba Regency Inn*